UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ROXANNE JOHNSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00112-SPM |
| | ) | |
| CORIZON LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court for review of pro se plaintiff Roxanne Johnson's civil complaint pursuant to § 1915. The United States District Court for the Western District of Missouri granted plaintiff provisional leave to proceed in forma pauperis and transferred her case here. Having reviewed plaintiff's financial information, the Court has determined that plaintiff is unable to pay the full amount of the filing fee, and will be allowed to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1). She will be assessed an initial partial filing fee of $16.70. Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claim against defendant Corizon LLC, as well as the official capacity claims against defendants Justin Jones, Tom Bredman, and Milton Hammerly. However, the Court will direct the Clerk of Court to issue process on defendants Jones, Bredman, and Hammerly in their individual capacities.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has provided an inmate account statement that only covers one month. However, she states in her motion that she receives an average of $83.50 a month. (Docket No. 2 at 2). The Court will therefore assess an initial partial filing free of $16.70, which is 20 percent of plaintiff's average monthly deposit. If plaintiff is unable to pay the initial partial filing fee, she must submit an updated copy of her prison account statement in support of her claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree*

*Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently incarcerated at Chillicothe Correctional Center in Chillicothe, Missouri. (Docket No. 1 at 1). At the time relevant to this complaint, she was an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC) in Vandalia, Missouri. She brings this action pursuant to 42 U.S.C. § 1983. Her complaint names Corizon LLC, Dr. Justin Jones, Dr. Tom Bredman, and Dr. Milton Hammerly as defendants. Defendants Jones, Bredman, and Hammerly are sued in both their official and individual capacities.

3

Plaintiff states that she arrived at WERDCC on January 7, 2016. (Docket No. 1 at 3). At that time, plaintiff wore a prosthetic brace that had been specifically designed to elevate her foot. She wore this brace due to a foot drop diagnosis. The brace allowed her to be able to walk. However, she alleges that Dr. Jones made the decision not to allow her access to this brace. As such, plaintiff claims she was relegated to a wheelchair.

Plaintiff further asserts that Dr. Bredman and Dr. Hammerly, who are Jefferson City Medical Directors, refused to schedule an appointment with an outside contracted specialist. She alleges that this appointment would have allowed her to have a brace that was officially approved by the Missouri Department of Corrections. (Docket No. 1 at 3-4). Plaintiff acknowledges that Dr. Bredman and Dr. Hammerly approved two sessions of physical therapy. (Docket No. 1 at 4). However, she states that they knew this would not aid her medical condition and was done only to appease her and halt her "constant complaining."

Eventually, Dr. Bredman and Dr. Hammerly approved a modification for plaintiff's confiscated prosthetic brace. This only occurred after a "significant delay," though, and by the time it happened, her foot was "too damaged and crippled" to wear the brace. She states that she is now permanently wheelchair bound until surgery can be completed, but that surgery has not been approved. She asserts that her foot condition is worsening and may become unfixable.

Plaintiff also states that she has been delayed in filing this lawsuit because her medical and legal papers were taken. She claims she has filed "numerous" informal resolution requests, but the Missouri Department of Corrections has not returned her personal property.

Plaintiff alleges that her foot condition has been treated with deliberate indifference. (Docket No. 1 at 3). She states that Corizon LLC's "poorly administered health services" caused

an unreasonable delay in her access to proper medical care, in violation of the Eighth Amendment. (Docket No. 1 at 4).

Plaintiff seeks an injunction ordering Corizon to take her to a specialist, to pay for the brace that she needs, and to provide any after-surgery care, physical therapy, or hospital care that she requires. (Docket No. 1 at 5). She also wants the return of her medical and legal papers. Finally, plaintiff seeks damages for both physical and mental pain and suffering, and for any permanent damage she has suffered.

## Discussion

Plaintiff has filed a § 1983 action alleging that defendants were deliberately indifferent to her medical needs by refusing to allow her to wear a prosthetic brace needed for a foot condition. She states that her inability to wear the brace has progressively damaged her foot and has made her wheelchair bound. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court must dismiss plaintiff's claim against defendant Corizon LLC, as well as the official capacity claims against defendants Justin Jones, Tom Bredman, and Milton Hammerly. However, the Court will direct the Clerk of Court to issue process on defendants Jones, Bredman, and Hammerly in their individual capacities.

### A. Claim Against Corizon

Plaintiff's claim against Corizon must be dismissed because she has not established that her injury was inflicted as the result of a policy or custom. A corporation acting under color of state law cannot be liable on a respondeat superior theory. *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck &*

5

*Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

"Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the…official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). "). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face…a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

In order to establish an unconstitutional custom, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the…entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the…entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the…entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Corizon LLC is a private entity that contracts with the Missouri Department of Corrections to provide medical treatment to inmates. As such, Corizon LLC acts under color of state law for purposes of § 1983. However, plaintiff fails to identify a policy or custom of Corizon LLC that violated her constitutional rights. Insofar as she alleges that defendants delayed or denied her the use of a prosthetic brace, she does not claim that this resulted from an

6

official policy. That is, she does not allege that the delay or denial was a deliberate choice made by a Corizon LLC official with final authority over such matters. Likewise, she does not allege that she was injured due to a custom of Corizon LLC. Specifically, she does not allege a continuing, widespread pattern of misconduct, carried on despite notice to Corizon LLC officials. To the extent that plaintiff seeks to hold Corizon LLC liable for the actions of its employees, such a claim fails because allegations against a corporation based on respondeat superior are not actionable under § 1983. As a result, plaintiff has failed to state a claim against Corizon LLC.

### B. Official Capacity Claims Against Defendants Jones, Bredman, and Hammerly

Plaintiff's official capacity claims against defendants Jones, Bredman, and Hammerly must be dismissed because such claims are actually against their employer, Corizon LLC. In an official capacity claim against an individual, the claim is actually against the entity that employs the individual. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, plaintiff alleges that the individual defendants, Dr. Jones, Dr. Bredman, and Dr. Hammerly, are all employed by Corizon LLC. Thus, a claim against them in their official capacities is actually a claim against Corizon LLC. As discussed above, in order to assert a claim against Corizon LLC, plaintiff is required to allege that she was injured by an unconstitutional policy or custom. *See Johnson*, 452 F.3d at 973. Plaintiff, as previously explained, has failed to do this. Therefore, plaintiff's official capacity claims against defendants Jones, Bredman, and Hammerly must be dismissed.

### C. Plaintiff's Personal Property Claim

Plaintiff's assertion that her personal property was wrongfully taken fails to state a claim under § 1983. The unauthorized deprivation of an inmate's personal property does not violate the

7

Fourteenth Amendment if there is a meaningful post-deprivation remedy for the loss. *See Clark v. Kansas City Missouri Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004). Missouri provides such an adequate post-deprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990). Furthermore, plaintiff does not identify the person or persons who are responsible for this deprivation, which is required to establish § 1983 liability. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights"). Here, plaintiff names three doctors and Corizon LLC as defendants. She does not allege that any of them were involved in taking her personal property. For these reasons, plaintiff's claim regarding the deprivation of her personal property must be dismissed.

### D. Individual Capacity Claims Against Defendants Jones, Bredman, and Hammerly

Plaintiff's individual capacity claims against defendants Jones, Bredman, and Hammerly are sufficient for purposes of § 1915 review.

The government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the

8

intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff has alleged that she has a serious medical need, to wit: a foot drop diagnosis that requires a specially designed prosthetic brace. As demonstrated by the brace, this is a medical need that has been previously diagnosed as requiring treatment. Plaintiff further alleges that improper treatment of this condition has caused progressive worsening of symptoms and has relegated her to a wheelchair. She claims that Dr. Jones, Dr. Bredman, and Dr. Hammerly knew of this condition. She alleges that Dr. Jones denied her the use of her brace, which allowed her to walk. She further alleges that Dr. Bredman and Dr. Hammerly intentionally delayed treatment by not approving a modification to her prosthetic brace in a timely manner, and in refusing to allow her to see a specialist. Due to the delay and denial of treatment, plaintiff alleges that she can no longer walk and that there is a possibility that the damage to her foot is irreparable. The Court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of plaintiff. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, these allegations are sufficient for purposes of § 1915 review, and the Clerk of Court will be directed to issue process upon defendants Justin Jones, Tom Bredman, and Milton Hammerly in their individual capacities on plaintiff's claims of deliberate indifference to medical needs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff will be allowed to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $16.70 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claim against defendant Corizon LLC and plaintiff's official capacity claims against defendants Justin Jones, Tom Bredman, and Milton Hammerly are dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issues on defendants Justin Jones, Tom Bredman, and Milton Hammerly in their individual capacities on plaintiff's claims of deliberate indifference to her medical needs, pursuant to the service agreement the Court maintains with Corizon.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 8th day of April, 2019.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE